THE STATE, CHARLES H. WALKER, PROSECUTOR, v. EMIL WINKLER ET AL.

A *certiorari* sued out to review the proceedings taken in the laying out of a public road will not be dismissed because the prosecutor, before suing out the writ, applied to the Court of Common Pleas for the appointment of freeholders, under the statute, to review the action of the surveyors in laying out the road.

---

On *certiorari* to review proceedings for the laying out and opening of a public road.

Argued at November Term, 1896, before Justices DEPUE,. MAGIE and GUMMERE.

For the prosecutor, *Carroll Robbins.*

For the defendants, *Edwin Robert Walker.*

The opinion of the court was delivered by

GUMMERE, J.    The initial proceeding in the laying out of a public road is the written application to the Court of Common Pleas, signed by at least ten freeholders, for the appointment of surveyors of the highways to lay out such road. *Gen. Stat., p.* 2828, § 119, *tit. "Roads."* Until such application is made, the court is without jurisdiction to proceed in the matter. In the case now before us written application was made to the Common Pleas for the appointment of surveyors, signed by ten persons purporting to be freeholders, and, on that application, the order of appointment was made. It now appears that one of the signers of the application was not a freeholder, and that the number of applicants was not up to the statutory requirement. It is clear, therefore, that the action of the court in appointing the surveyors, and the subsequent proceedings of the surveyors in laying out the road and making their return thereof, were *coram non judice.*

This is not denied by the defendants, but their insistment is that the prosecutor is barred from disputing the legality of those proceedings, because after the return of the surveyors was made he filed a *caveat* against it, and applied to the court, under the statute, for and obtained the appointment of chosen freeholders to review the action of the surveyors. But this action on his part does not prevent him from thereafter contesting the legality of the proceedings by *certiorari.* This was so decided in the case of *Powell* v. *Hitchner,* 3 *Vroom* 211, 215, where an application was made to quash the *certiorari,* on the ground that no motion had been made in the Common Pleas to set aside the return of the surveyors (be-

cause of failure to comply with the requirements of the statute), before the appointment of freeholders to review their action. This court refused the application to quash the writ, and set aside the proceedings and return.

It is further urged, on behalf of the defendants, that the prosecutor was guilty of laches in not suing out this writ until after the road had been laid out and returned by the surveyors, and their action had been reviewed by the freeholders. It is sufficient on this point to say that there is nothing in the case, as it has been presented to us, to suggest the idea that the prosecutor had any knowledge of the fact that one of the applicants for the proposed road was not a freeholder while the proceedings referred to were pending, or that he did not promptly sue out his writ upon that fact being made known to him.

The proceedings should be set aside.